

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2004

# Yupanqui v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Yupanqui v. Atty Gen USA" (2004). *2004 Decisions*. Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2515

PORFIRIO YUPANWQUI,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States, and
BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES (BCIS)
DISTRICT DIRECTOR,

Respondents

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A78-573-882)

Submitted Under Third Circuit LAR 34.1(a)
on 11/15/04

Before: ROTH , SMITH, and WEIS, Circuit Judges.

(Filed: December 17, 2004)

OPINION

**ROTH**, Circuit Judge:

Petitioner Porfirio Yupanqui is a native of Peru. On November 11, 1989, he entered the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i) and was subject to removal from the United States. Yupanqui conceded his removability before an Immigration Judge (IJ) but applied for a cancellation of removal in accordance with 8 U.S.C. § 1229(b). On December 7, 2001, the IJ denied Yupanqui's application for cancellation of removal. The IJ held that Yupanqui did not demonstrate that his American citizen daughter would suffer "*exceptional and extremely unusual hardship*" – as defined in 8 U.S.C. § 1229(b)(1)(D) – if he were to be removed from the United States. This decision was affirmed without an opinion (AWO) by the Board of Immigration Appeals (BIA).

Yupanqui seeks a petition for review by this court. He raises two issues that he feels were errors committed during the previous proceedings. He argues (1) that the IJ's decision concerning the lack of a showing of "exceptional and extremely unusual hardship" was erroneous, and (2) that his due process rights were violated by the BIA's decision to affirm without issuing an opinion. Because we lack the jurisdiction to review discretionary decisions made by the IJ and because the BIA's AWO does not violate due process, we will deny Yupanqui's petition.[1]

We have recently held in an analogous case that pursuant to 8 U.S.C. §

---

[1]We will not discuss the facts because we write only for the parties and they are familiar with them.

2

1252(a)(2)(B)(i), we do not have jurisdiction to hear discretionary decisions made under 8 U.S.C. § 1229(b). *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003). We also held that the question of whether an alien can establish "exceptional and extremely unusual hardship" under Section 1229(b)(1)(D) is a discretionary question. *Id.* at 178-79. We stated that, "[t]he determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment." *Id.* at 179. This decision was consistent with other circuits that addressed the same question. *Id.* Thus, we lack jurisdiction to address Yupanqui's argument that the IJ and BIA wrongly decided that he did not meet the necessary hardship standard.

As to the due process argument, after Yupanqui filed his brief in this appeal, we held in *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003), that "the BIA could have articulated its reasons for affirming the IJ's order, but just because it had the power to do so, does not mean the Constitution required it to exercise that power." *Id.* at 240. We concluded that a "meaningful review" is established as long as either the BIA *or* the IJ "put forth a sufficiently reasoned opinion." *Id.* at 243. The IJ's opinion here meets that standard. Hence, with *Dia* as controlling precedent in this circuit, Yupanqui's due process argument fails.

For the aforementioned reasons, we will deny Yupanqui's petition for review.

3